Wilson, Chief Justice, delivered the following separate opinion: I concur in the judgment of the majority of the court, but not in the principles laid down in the opinion, which dispenses with an averment of a scienter in the indictment. Such an averment is essential to constitute the offence with which the defendant is charged. The act itself is not malum in se, and only becomes criminal when conjoined with a knowledge of the condition of the person who is alleged to have been harbored. If the defendant did not know that the negro girl was a slave, and owed service in this state, he was guilty of no crime. Without this knowledge there was no criminal intent, and the act was perfectly‘harmless. As the knowledge, therefore, that the' negro was a slave, etc'., was an essential ingredient in the crime charged upon the defendant, it should have been alleged in the indictment. [* 357] Without proof to that effect, it is admitted the offence could not be made out; and if so, it would seem to follow conclusively, that the indictment should contain such a charge. No rule is better settled, than that every indictment for a criminal offence should charge the defendant with everything necessary to constitute the offence, and necessary to be proved in order to convict the offender. 1 do not understand that our criminal code has made any change in this respect. It dispenses with no substantial averment in an indictment, but only with so much of form and technicality as does not impair its sense and obvious meaning. This has been repeatedly decided, and the case in Scammon, referred to in the opinion of the majority of this court,. goes no farther. In that case the objection to the indictment was a purely technical one, having reference merely to the grammatical structure and meaning of a sentence. To adopt it as a rule applicable to all cases, that an indictment stating the offence in the language of the statute shall be deemed good, would; in many cases, render them absurd and unintelligible.